# United States District Court
for
## Middle District of Tennessee

## Petition for Warrant for Offender Under Supervision

Name of Offender: <u>Courtney Rofelle Shyes</u>    Case Number: <u>1-02-00007; 1-01-00013</u>

Name of Sentencing Judicial Officer: <u>The Honorable Thomas A. Higgins, U.S. District Judge (to be reassigned)</u>

Date of Original Sentence: <u>August 12, 2002 (both cases)</u>

Original Offense: <u>Case No.: 1-02-00007, 18 U.S.C. § 922(g)(1) Convicted Felon in Possession of Firearms; Case No.: 1-01-00013, 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924 (a) Convicted Felon in Possession of Firearms</u>

Original Sentence: <u>33 months' custody and 3 years' supervised release (concurrent)</u>

Type of Supervision: <u>Supervised Release</u>    Date Supervision Commenced: <u>June 14, 2012</u>

Assistant U.S. Attorney: <u>Unassigned</u>    Defense Attorney: <u>Unassigned</u>

---

### PETITIONING THE COURT

___    To issue a Summons.
_X_    To issue a Warrant.

---

**THE COURT ORDERS:**
☐ No Action
☒ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other

Considered this _31st_ day of _January_, 2014,
and made a part of the records in the above case.

_____
U. S. District Judge  HAYNES

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Joshua Smith
U. S. Probation Officer

Place    Nashville, TN

Date    January 23, 2014

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1. **The defendant shall not commit another federal, state, or local crime.**

   On January 21, 2014, Mr. Shyes was arrested by the Maury County Sheriff's Department and charged with Possession of Marijuana for Resale and Possession of Drug Paraphenalia. According to the Maury County Sheriff's Office, at the time of arrest, Mr. Shyes was in possession of approximately 3 pounds of marijuana that has a street value of $3,500 per pound, $8,700 cash and digital scales. On January 22, 2014, Mr. Shyes bonded out of custody on a $30,000 bond. His next court date is scheduled in Maury County General Sessions Court on February 10, 2014.

   Mr. Shyes contacted the probation officer on January 22, 2014, after bonding out of custody to discuss the arrest. He reported to the probation officer that the money he had on his person was from a loan he received to start his own landscaping company. He denied knowing, previous to the arrest, that there was marijuana located in the vehicle he was driving.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Shyes began supervised release on June 14, 2012. He is scheduled to terminate supervision on June 13, 2015.

Prior to the arrest previously indicated, Mr. Shyes had remained in compliance with the conditions of supervised release.

Mr. Shyes has reported employment with Tennessee Look Landscaping since March of 2013.

**U.S. Probation Officer Recommendation:**

It is respectfully requested that a warrant be issued for Mr. Shyes, so that he may appear before the Court to answer to the violation behavior outlined above.

This matter has been reported to the U.S. Attorney's Office, and they concur with the recommendation.

Approved: _[signature]_
W. Burton Putman
Supervising U. S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. COURTNEY ROFELLE SHYES, CASE NO. 1-02-00007, and 1-02-00013

**GRADE OF VIOLATION:** A
**CRIMINAL HISTORY:** III

**ORIGINAL OFFENSE DATE:** PRIOR TO APRIL 30, 2003   PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | | | |
| Case No.: 1-02-00007 | 2 years | 18-24 months | no recommendation |
| Case No.: 1-02-00013 | 2 years | 18-24 months | |
| | *18 U.S.C. § 3583(e)(3)* | *U.S.S.G.§ 7B1.4(a)* | |
| **SUPERVISED RELEASE:** | | | |
| Case No.: 1-02-00007 | 3 years less any term of imprisonment | 1-3 years less any term of imprisonment | no recommendation |
| Case No.: 1-02-00013 | 3 years less any term of imprisonment | 1-3 years less any term of imprisonment | no recommendation |
| | *18 U.S.C. § 3583(h)* | *U.S.S.G. § 5D1.2(a)(2)* | |

**Statutory Provisions:** 18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

18 U.S.C. § 3583(g)(1) allows for mandatory revocation if the defendant possesses a controlled substance in violation of the condition set forth in subsection (d).

**Guideline Policy Statements:** Pursuant to U.S.S.G § 7B1.3(a)(1), upon a finding a Grade A violation, the Court shall revoke probation or supervised release.

Respectfully Submitted

_____
Joshua Smith
U. S. Probation Officer

Approved: _____
W. Burton Putman
Supervising U. S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Courtney Rofelle Shyes

2. **Docket Number** *(Year-Sequence-Defendant No.)* _____

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date**  8 / 12 / 2002
                            month  day  year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | new criminal charges | A |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))* — A

9. **Criminal History Category** *(see §7B1.4(a))* — III

10. **Range of Imprisonment** *(see §7B1.4(a))* — 18-24 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☒ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** Courtney Rofelle Shyes

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____     Community Confinement _____

    Fine($) _____            Home Detention _____

    Other _____              Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: 1 _____ to 3 _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002